**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**LARRY CONLEY**                                                                   **PLAINTIFF**

**VS.**                                              **CIVIL ACTION NO.:** 3:20-cv-524-CWR-FKB

**SOUTHERN SCRAP OF MERIDIAN, LLC**                            **DEFENDANT**

**COMPLAINT
JURY TRIAL DEMANDED**

      **COMES NOW** the Plaintiff, Larry Conley, by and through his counsel, Watson & Norris, PLLC, and file this action against the Defendant, Southern Scrap of Meridian, LLC. Specifically, Defendant failed to provide legally sufficient required notice of Plaintiff's right to continued health care coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") when it wrongfully terminated Plaintiff's employment because Plaintiff refused to operate a vehicle Plaintiff had a reasonable apprehension of serious injury to himself or the public because of the vehicle's hazardous safety or security condition in violation of the public policy of the State of Mississippi, the Surface Transportation Assistance Act, 49 U.S.C. §31105, and/or other state and federal laws.  In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

**PARTIES**

    1.     Plaintiff, Larry Conley, is a male citizen of Stonewall, Mississippi.

    2.     Defendant, Southern Scrap of Meridian, LLC, is a Mississippi Corporation that may be served with process through its registered agent: Corporation Service Company, 7716 Old Canton Road, Suite C, Madison, Mississippi 39110.

## JURISDICTION AND VENUE

3.	This Court has federal question and supplemental jurisdiction over Plaintiff's claims.

4.	In addition, the Secretary of Labor has not issued a final decision within 210 days after the filing of Plaintiff's complaint (Complaint #100142909 – filed January 8, 2020) with the Federal Motor Carriers Safety Administration (FMCSA) and the delay is not due to the bad faith of Plaintiff.

5.	As such, Plaintiff may now may bring this original action for *de novo* review in the appropriate district court of the United States, which shall have jurisdiction over such an action without regard to the amount in controversy, and which action shall, at the request of Plaintiff, be tried by the Court with a jury.

6.	This Court has personal and subject matter jurisdiction over the Defendant, and venue is proper in this Court.

## STATEMENT OF THE FACTS

7.	Plaintiff is an adult resident of Stonewall, Mississippi.

8.	Plaintiff was hired on January 7, 2019 as a Driver at Southern Scrap of Meridian, LLC (SSM).

9.	One month prior to Plaintiff's termination, Plaintiff had received a Letter of Recommendation from his Office Manager, Ms. Jade Sumpter.

10.	On December 17, 2019, Plaintiff noticed a problem with the clutch of one of the trucks that Defendant used to transport scrap metal.

11.	Plaintiff informed his managers that the truck should be labeled as 'Out of Service' due to the problem.

12. On December 18th, despite Plaintiff's warning, another Driver, Bruce Rivers, took the truck and drove it on a route.

13. Sadly, Mr. Rivers was involved in an accident that killed another driver.

14. When Mr. Rivers attempted an illegal U-turn on Interstate 20, the other driver ran into the truck from behind and was killed instantly.

15. Mr. Rivers made the excuse that the truck "malfunctioned" and caused the accident.

16. On that same day, following the accident, Ms. Sumpter – Office Manager, Ken Mansfield - General Manager, and Mike Ivey - Yard Supervisor, demanded that Plaintiff falsify federal documentation for the pre and post inspections of the trucks for dates in the past.

17. Plaintiff refused to do this, noting that he refused to falsify federal (i.e., Department of Transportation) documentation.

18. Mr. Mansfield then developed less detailed, generic inspection forms.

19. Plaintiff completed these forms for trucks moving forward, but refused to date any of the inspection forms with earlier dates and he wrote detailed accounts of each truck's condition, i.e. Plaintiff refused to let a truck pass inspection unless it was truly in good working order; he refused to overlook problems and let trucks pass inspection when they should not pass.

20. Mr. Mansfield pressured Plaintiff to conduct less detailed inspections and to overlook problems so that the trucks could pass inspection.

21. Mr. Mansfield, Ms. Sumpter, and Mr. Ivey, each expressed verbal frustration toward Plaintiff for his resistance to their coercion.

22. On January 7, 2020, because of Plaintiff's continued resistance to their demands, Plaintiff was written up for alleged "Insubordination" and terminated.

23. Plaintiff refused to sign the write up.

24. One day after Plaintiff's termination, on January 8, 2020, Plaintiff filed a formal complaint about the Defendant's noncompliant work practices with the Federal Motor Carriers Safety Administration (FMCSA). On that same date, he was emailed an acknowledgement of the submitted complaint. An investigation of the Defendant was subsequently initiated by the Department of Transportation and is currently ongoing.

25. Several days later, Plaintiff filed for unemployment.

26. In the Unemployment hearing, it was recorded that Plaintiff refused to drive a truck that did not have a valid DOT inspection. Mansfield and Ivey told Plaintiff that if he refused to drive the truck then he was voluntarily leaving his employment. Plaintiff held firm in his refusal to drive the truck. Mansfield and Ivey attempted to convince Plaintiff to sign a voluntary separation form, but Plaintiff refused.

27. The decision of the Administrative Law Judge was to award Plaintiff unemployment benefits since Plaintiff did nothing meeting the criteria for legal misconduct. Defendant is now bound by the determination.

28. Plaintiff is a former employee of Defendant and was a participant in Defendant's health plan.

29. Plaintiff's employment was terminated on January 7, 2020. Thus, when Plaintiff was terminated, Plaintiff experienced a qualifying event (termination of employment) on January 7, 2020.

30. The Defendant violated the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) because it failed to timely provide Plaintiff with legally sufficient required notice of his right to continued health care coverage under COBRA.

## COUNT I:  VIOLATION OF THE CONSOLIDATED OMNIBUS BUDGET RECONCILIATION ACT OF 1985 – COBRA

31. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 30 above as if fully incorporated herein.

32. Plaintiff is a former employee of Defendant and was a participant in Defendant's health plan.

33. Defendant is the Plan sponsor within the meaning of 29 U.S.C. §1002(16)(B), and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A). The Plan provides medical benefits to employees and is an employee Welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1).

34. Plaintiff's employment was terminated on January 7, 2020.  Thus, when Plaintiff was terminated, Plaintiff experienced a qualifying event (termination of employment) on January 7, 2020.

35. Following this qualifying event, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees in a typical business day during the preceding year to provide "each qualified employee who would lose coverage under the plan as a result of a qualifying event ... to elect, within the election period, continuation coverage under the plan." 29 U.S.C. § 1161.

5

36. The Defendant violated the Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) because it failed to timely provide Plaintiff with legally sufficient required notice of his right to continued health care coverage under COBRA.

37. The COBRA notification requirement exists because employees are not expected to know instinctively of their right to continue their healthcare coverage.

## COUNT II: WRONGFUL TERMINATION

38. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 37 above as if fully incorporated herein.

40. Defendant retaliated against Plaintiff by terminating his employment after Plaintiff refused to operate a vehicle Plaintiff had a reasonable apprehension of serious injury to himself or the public because of the vehicle's hazardous safety or security condition.

41. Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same.

42. The acts of the Defendant constitute a willful and intentional violation of federal law and public policy which constitutes the tort of wrongful termination which entitles Plaintiff to damages, both compensatory and punitive in nature.

## COUNT III: VIOLATION OF THE SURFACE TRANSPORTATION ASSISTANCE ACT

43. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 42 above as if fully incorporated herein.

44. Defendant retaliated against Plaintiff by terminating his employment after Plaintiff refused to engage in criminally illegal activity which consisted of falsifying documents for the pre and post inspections of the truck involved in the fatal accident.

45.     Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same.

46.     The acts of the Defendant constitute a willful and intentional violation of federal law which entitles Plaintiff to reinstatement, backpay, compensatory and punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED**, Plaintiff respectfully pray that upon hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. Back wages and benefits;
2. Reinstatement or future wages in lieu of reinstatement;
3. Compensatory damages;
4. Punitive damages;
5. A surcharge;
6. Attorney's fees;
7. Costs and expenses; and
8. Such further relief as is deemed just and proper.

THIS, the 11th day of August 2020.

        Respectfully submitted,

        LARRY CONLEY, PLAINTIFF

        By: /s/Louis H. Watson, Jr.
            Louis H. Watson, Jr.  (MB# 9053)
            Nick Norris (MB#101574)
            Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216-4972
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
       nick@watsonnorris.com